IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02501-SBP

VINCENT LEMUS-MORALES,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,
NURSE LINDSAY,
DR. MCGAUGH, and
JOHN AND JANE DOES, R&D Correctional Officers,

    Defendants.

### DEFENDANTS' MOTION UNDER RULE 12(b)(1) TO DISMISS INJUNCTIVE-RELIEF CLAIM IN PLAINTIFF'S SECOND AMENDED COMPLAINT BASED ON MOOTNESS

The Federal Bureau of Prisons ("BOP"), along with Defendants Dr. John McGaugh, Nurse Kimberly Lindsey (referred to in the Complaint as "Nurse Lindsay"), and the United States (collectively, "Defendants"), move to dismiss, under Rule 12(b)(1), Plaintiff Vincent Lemus-Morales' Eighth Amendment claim for injunctive relief, asserted in his Second Amended Complaint, ECF No. 29. As explained below, Plaintiff has been released from BOP custody, and that claim is now moot.

### BACKGROUND

In the Second Amended Complaint, Plaintiff alleged that while he was incarcerated at the Federal Correctional Institution in Florence, Colorado, he was placed in a holding cell and assaulted by other inmates. *See* ECF No. 29 at 5. He further alleged that he did not receive

1

adequate medical care following this assault. *Id.* at 5-6. Plaintiff, among other remedies, asked the Court to order injunctive relief in the form of "ongoing medical treatment." *Id.* at 8. During the 28 U.S.C. § 1915A screening process, the Court construed Plaintiff's Second Amended Complaint as asserting an Eighth Amendment claim for injunctive relief for future medical care from BOP. *See* ECF No. 34 at 4, 7.

At the time Plaintiff first filed this action, he was no longer incarcerated in Florence, Colorado, but was incarcerated at the Federal Correctional Institution in Orange, New York (at FCI Otisville). ECF No. 2 at 2. He was then transferred to the Federal Correctional Institution in Fairton, New Jersey ("FCI Fairton"), and was incarcerated there when he filed his Second Amended Complaint. ECF No. 29 at 2.

Defendants filed a motion to dismiss Plaintiff's claims on April 12, 2024. ECF No. 56. That motion to dismiss seeks dismissal of all the claims in Plaintiff Second Amended Complaint: Plaintiff's Eighth Amendment claim for injunctive relief at issue here, his Federal Tort Claims Act ("FTCA") "failure to protect" claim, his FTCA medical negligence claim, and his Eighth Amendment individual-capacity claims against Dr. McGaugh and Nurse Lindsey. *See id*.

Plaintiff filed a letter with the Court on May 6, 2024, which he styled as a motion to show cause for violation of the Eighth Amendment. ECF No. 58. In that motion, Plaintiff argued that he was entitled to ongoing medical treatment while in custody at FCI Fairton and added further allegations regarding this claim. *Id.* Defendants responded to Plaintiff's motion. *See* ECF No. 59. In their response, Defendants construed Plaintiff's filing as either a motion to amend his Second Amended Complaint or a motion for a preliminary injunction. *See id.* at 2-4.

Defendants explained that Plaintiff had not shown he was entitled to either form of relief. *See id.* at 4-15. That motion remains pending.

On August 9, 2024, BOP released Plaintiff from its custody. *See* ECF No. 62 (updating Plaintiff's address from FCI Fairton to Winn Correctional Center, P.O. Box 1435, Winnfield, LA 71483); *see also* BOP Inmate Locator, *available at* https://www.bop.gov/inmateloc/ (last accessed on September 4, 2024).

## ARGUMENT

Now that Plaintiff has been released from BOP custody, the Court should dismiss his Eighth Amendment claim for injunctive relief for future medical care from BOP.

A Rule 12(b)(1) motion "may challenge the court's subject-matter jurisdiction through a facial or factual attack." *Laufer v. Looper*, 22 F.4th 871, 875 (10th Cir. 2022). "A facial attack assumes the allegations in the complaint are true and argues they fail to establish jurisdiction." *Id.* (internal quotation marks omitted). "A factual attack goes beyond the allegations in the complaint and adduces evidence to contest jurisdiction." *Id.* (internal quotation marks omitted). Here, Defendants challenge the Court's jurisdiction over Plaintiff's Eighth Amendment injunctive relief claim for ongoing medical treatment via a factual attack.

Article III of the Constitution limits a federal court's jurisdiction to "cases and controversies." *See Chihuahan Grasslands All. v. Kempthorne*, 545 F.3d 884, 891 (10th Cir. 2008) (quoting U.S. Const. art. III, § 2, cl. 1). A case becomes moot and no longer satisfies the "case or controversy" requirement "when it is impossible to grant any effectual relief." *Id.* When a plaintiff seeks injunctive relief, "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *Id.* (quoting *Beattie v. United States*,

949 F.2d 1092, 1094 (10th Cir. 1991)).  Rather, "[t]he party requesting relief must demonstrate a good chance of being likewise injured in the future."  *Id.* (internal quotation marks omitted).

Plaintiff's claim for injunctive relief is now moot.  Although he was in custody at FCI Fairton when he filed his Second Amended Complaint, he no longer is detained there, or at any BOP-run facility.  BOP no longer has custody over Plaintiff and thus cannot provide him with ongoing medical treatment.  *See* ECF No. 62; *see also* BOP Inmate Locator, *available at* https://www.bop.gov/inmateloc/ (last accessed on September 4, 2024).  Accordingly, there is no effectual relief that BOP can grant him.  Indeed, "[a]ny prospective relief that [the Court] might order against [Defendant] would be too abstract and lacking in real-world impact to satisfy the requirements of the Constitution."  *Jordan v. Sosa*, 654 F.3d 1012, 1030 (10th Cir. 2011).  Thus, his release from BOP custody moots his claim.  *Cf. Rahman v. Billingsly*, No. 21-cv-02625-KLM, 2023 WL 2018905, at *5 (D. Colo. Feb. 14, 2023) ("Plaintiff has already been released from [BOP] custody and is no longer incarcerated [by BOP].  Accordingly, . . . there is no longer a live case or controversy presented to this Court.").  Plaintiff's claim seeking injunctive relief directed to BOP is moot and should be dismissed.

While Defendants previously filed a motion to dismiss under Federal Rule of Civil Procedure 12, this Rule 12(b)(1) motion to dismiss challenging the Court's subject-matter jurisdiction is permitted by Rule 12.  Rule 12(g)(2) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion" "[e]xcept as provided in Rule 12(h)(2) or (3)."  Rule 12(h)(3), in turn, states that "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Here, Rule 12(g)(2) does not prohibit this successive Rule 12 motion to dismiss for two reasons. First, the mootness argument presented in this motion was not "available to" Defendants at the time they filed their first motion to dismiss because, at that time, BOP had not released Plaintiff. Second, this motion falls within Rule 12(g)(2)'s exception for filing multiple Rule 12 motions because it is a Rule 12(b)(1) motion that addresses the Court's subject-matter jurisdiction. *Accord Peoples v. Long*, No. 1:20-cv-02116-RBJ-NYW, 2021 WL 7159900, at *9 n.11 (D. Colo. Dec. 13, 2021) ("Federal Rule of Civil Procedure 12 does not bar a defendant from seeking dismissal of a plaintiff's claim under 12(b)(1) more than once."), *report and recommendation adopted*, 2022 WL 92983 (D. Colo. Jan. 10, 2022).

## CONCLUSION

For the reasons set forth above, the Court should dismiss Plaintiff's Eighth Amendment claim for injunctive relief as moot pursuant to Rule 12(b)(1). Plaintiff's remaining claims—his FTCA "failure to protect," FTCA medical negligence, and individual-capacity claims—remain subject to Defendants' pending motion to dismiss. *See* ECF No. 56.

Respectfully submitted this 4th day of September, 2024.

        MATTHEW T. KIRSCH
        Acting United States Attorney

        s/ *Benjamin Gibson*
        Benjamin Gibson
        Assistant United States Attorney
        United States Attorney's Office
        1801 California Street, Suite1600
        Denver, CO 80202
        Telephone: 303-454-0181
        E-mail: benjamin.gibson@usdoj.gov

              Counsel for Defendants United States of America, Federal Bureau of Prisons, Dr. McGaugh, and Nurse Lindsay

## CERTIFICATE OF SERVICE (CM/ECF)

      I hereby certify that on September 4, 2024, I served the foregoing document, including copies of any unpublished decisions cited therein, on the following non-CM/ECF participant in the manner indicated:

Vincent Lemus-Morales
ID #240142030
Winn Correctional Center
P.O. Box 1435
Winnfield, Louisiana 71483

                                          s/ *Benjamin Gibson*
                                          Benjamin Gibson
                                          United States Attorney's Office